**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01745-REBKMT

CHUN CHEE SENG,

      Plaintiff,

v.

AMERICANA INVESTMENTS, LLC; MARGARET V. ANDERSON-CLARKE; ANDERSON-CLARKE LAW; BRIAN D. WEST; AND WEST LAW GROUP, P.C.,

      Defendants.

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT AMERICANA INVESTMENTS, LLC**

Plaintiff Chun Chee Seng ("Mr. Chun"), by and through his attorneys, Michael J. Duran and Alexis A. Reller of Milligan Coughlin LLC, submits the following Brief in Support of Plaintiff's Motion for Partial Summary Judgment against Defendant Americana Investments, LLC ("Americana").

## I.    INTRODUCTION

Mr. Chun respectfully requests that this Court enforce the Second Settlement Agreement and grant Partial Summary Judgment in his favor against Americana for six million dollars plus attorneys' fees and costs. The undisputed facts show that: 1) the Second Settlement Agreement required Americana to cause its counsel, Defendant West Law Group, P.C. ("Defendant West Law"), to transfer six million dollars to Mr. Chun; 2) Americana materially breached by failing to cause Defendant West Law to transfer those funds; and 3) nothing, including the later *Third* Settlement Agreement,

1

which Americana also breached, bars Mr. Chun from enforcing his right to six million

dollars under the Second Settlement Agreement.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

Throughout this brief, the Plaintiff relies on the following pleadings and discovery

documents, which are attached hereto and incorporated herein as the following exhibits:

Pl.'s Compl. (Exhibit A); "Second Settlement Agreement," Pl.'s Compl., Ex. W (Exhibit

B); "Third Settlement Agreement" Pl.'s Compl., Ex. AC (Exhibit C); Def. Americana Mot.

to Dismiss (Exhibit D); Def. Americana Resp. to Req. for Admis. (Exhibit E); and Def.

West Law Group, P.C. Resp. to Req. for Admis. (Exhibit F).

The following sets forth each material fact Plaintiff believes is not in dispute and

supports the Motion:

1.    Americana admits that on February 4, 2011, Mr. Chun and Americana entered
into the Investment Development Cooperation Agreement (the "IDCA"). See Def.
Americana Mot. to Dismiss 2; Def. Americana Resp. to Req. for Admis. No. 4.

2.    Americana admits that, through its directors, employees, and other agents it
"induced Plaintiff Chun Chee Seng to make his Initial Investment of $1,000,000
pursuant to the IDCA." Def. Americana Resp. to Req. for Admis. No. 4.

3.    Americana admits that it has "not paid any profit or other distributions to Plaintiff
Chun Chee Seng following the signing of the IDCA." Def. Americana Resp. to
Req. for Admis. No. 9.

4.    Americana admits that it has "not remitted to Plaintiff Chun Chee Seng any portion
of his Initial Investment of $1,000,000." Def. Americana Resp. to Req. for Admis.
No. 10.

5.    Americana admits that it "entered into two different Settlement Agreements with
Plaintiff Chun Chee Seng, in April 2012 and January 2013." Def. Americana Resp.
to Req. for Admis. No. 12.

6.    The Second Settlement Agreement was entered into by Americana and Mr. Chun,
executed by Mr. Chun on April 2, 2012, and Americana on April 10, 2012. Pl.'s

Compl., Ex. W p. 5-6; See Def. Americana Resp. to Req. for Admis. No. 12, 13; Def. Americana Mot. to Dismiss 3.

7.    The Second Settlement Agreement, attached as Exhibit W to Plaintiff's Complaint is a true and accurate copy of this agreement. Pl.'s Compl., Ex. W.

8.    The Second Settlement Agreement states:

> 1.    AMER shall immediately upon the Parties' execution of this Settlement Agreement, cause its counsel, The West Law Group. P.C. ("Counsel for Amer"), to do the following:
>
> (a)    Issue a wire in the amount of ($1,000,000.00) One Million U.S. Dollars as **refunded investment sum** to the account of Mr. Chun Chee Seng. . .
>
> * * *
>
> (b)    Issue a wire transfer of an additional amount of ($5,000,000,000.00) [sic] Five Million U.S. Dollars as **final Settlement Sum** to the account of Mr. Chun Chee Seng at the account of HSBC Bank Malaysia Berhad using the above listed wiring coordinates.

Pl.'s Compl., Ex. W p. 1-2; Pl.'s Compl. ¶¶86-87.

9.    The Second Settlement Agreement states:

> The parties, by this Settlement Agreement, hereby settle any and all claims of any nature outstanding between them, at equity or in law, contract or tort of any nature.  All claims of any nature, known or unknown, extant or inchoate, separate of this Settlement Agreement are hereby completely and fully released, discharged and liquidated. *Upon the payment called for under Paragraph 2 and the discharge of all obligations and duties of both Parties hereof* all outstanding matters between the parties are deemed settled and resolved.

Pl.'s Compl., Ex. W p. 5 (emphasis added).

10.    The Second Settlement Agreement states: "In the event either party commences any action in a court of law to enforce this Settlement Agreement or obtain damages for the breach of this Settlement Agreement, the prevailing Party shall be entitled to an award of its actual attorneys' fees and costs incurred in such action." Pl.'s Compl., Ex. W. p. 5.

11.    The Second Settlement Agreement states: "This Settlement Agreement shall be governed by and construed and enforced under the laws of the Commonwealth of Virginia." Pl.'s Compl., Ex. W p. 4-5.

12.    There is no forum selection clause in the Second Settlement Agreement.  See, Pl.'s Compl., Ex. W.

13. Americana admits that "no funds have been paid" by Americana under the Second Settlement Agreement, but "denies the rest of the admission regarding what is owed," Def. Americana Resp. to Req. for Admis. No. 13.

14. Defendant West Law (counsel for Americana) admits that it "failed to remit any portion of the $6,000,000 to Plaintiff Chun Chee Seng as required by the Second Settlement Agreement." Def. West Law Group Resp. to Req. for Admis. No. 6.[1]

15. The Third Settlement Agreement was executed and entered into on January 31, 2013, by Americana and on February 1, 2013, by Mr. Chun. See, Pl.'s Compl., Ex. AC p. 7-8; Def. Americana Resp. to Req. for Admis. No. 12, 14; Def. Americana Mot. to Dismiss p. 3.

16. The Third Settlement Agreement required Americana to return Mr. Chun's Initial Investment of $1,000,000 (the "Initial Investment") within eight days of execution. Pl.'s Compl., Ex. AC p. 1-2; Pl.'s Compl. ¶102.

17. The Third Settlement Agreement provided that it would be governed by, construed and enforced under Colorado law, and contained a forum selection clause of Colorado. Pl.'s Compl., Ex. AC p. 4-5; Pl.'s Compl. ¶102.

18. The Third Settlement Agreement stated:
    Release of Americana: *In consideration of the obligations of Americana in this Agreement, conditioned upon Chun's actual receipt of the Returned Investment, and subject to Paragraphs 22 and 23,* Chun agrees to release Americana. . . from any and all claims. . . whatsoever relating to the IDCA. . . except for claims to enforce, or arising out of, this [Third Settlement] Agreement.
    Pl.'s Compl., Ex. AC p. 6 (emphasis added).

19. Americana admits that it "failed to remit any portion of the $1,000,000 Initial Investment owed to Plaintiff Chun Chee Seng pursuant to the Third Settlement Agreement." Def. Americana Resp. to Req. for Admis. No. 14.

---

[1] Inconsistently, Americana denies what is owed under the Second Settlement Agreement, while its counsel, Defendant West Law, fully admits that the six million was required to be remitted under the agreement.  Defendant West Law admitted that it "failed to remit any portion of the $6,000,000 to Plaintiff Chun Chee Seng **as required by the Second Settlement Agreement**." Def. West Law Group Resp. to Req. for Admis. No. 6. The Responses to Requests for Admission for Americana, Defendant West Law, and Defendant Brian D. West were all presumably prepared by Defendant Brian D. West, who is acting as counsel for all of those defendants.

### III.    LEGAL AUTHORITY

#### A.  Summary Judgment Standard of Review

Summary Judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that affects the outcome of the suit under the governing law, and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The non-moving party must point to specific facts, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves," to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Although the burden is on the moving party, the non-movant may not rest on its pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."  *Pignanelli v. Pueblo School Dist.*, 540 F.3d 1213, 1216-17 (10th Cir. 2008). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient to defeat a properly supported motion for summary judgment." *Universal Money Centers, Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994).

#### B.  Choice of Law Regarding the Second Settlement Agreement

The Second Settlement Agreement contains a choice of law clause stating that the agreement should be enforced under the laws of the Commonwealth of Virginia. However, this Court has adopted the Second Restatement of the Conflicts of Laws. See *Power Motive Corp. v. Mannesmann Demag Corp.*, 617 F.Supp. 1048, 1049–50

(D.Colo.1985). Section 187 of the Restatement provides that the forum state should apply the law chosen by the parties unless there is no reasonable basis for the parties' choice or the application of the law chosen would be contrary to a fundamental policy of a state which has a materially greater interest in the issue. See *id.* Here, the clause in the Second Settlement Agreement should be invalidated for failure to satisfy the most significant relationship test.  The parties to the Second Settlement Agreement are Mr. Chun, who is a Malaysian citizen, and Americana, which is domiciled in Colorado as a Colorado limited liability company. The Second Settlement Agreement was not negotiated or signed in the Commonwealth of Virginia and the parties otherwise have no connection to that forum.

The only ascertainable reason for inclusion of the Virginia selection clause is for the convenience of Americana's counsel, Defendant West Law and Defendant Brian D. West, who presumably drafted the Second Settlement Agreement.  Because there is no connection to the Commonwealth of Virginia in the parties' course of dealings, the Second Settlement Agreement's choice of law provision should be invalidated.

However, the laws of the State of Colorado and the State of Virginia on contract interpretation and contract damages parallel each other, and the Second Settlement Agreement clearly entitles Mr. Chun to the relief sought no matter which State's law is applied. Accordingly, the Plaintiff has included references to both Colorado and Virginia authority below.

### C.  Colorado Breach of Contract Standards

In Colorado, a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the

plaintiff or some justification for non-performance; (3) failure to perform the contract by

the defendant; and (4) resulting damages to the plaintiff. See *W. Distrib. Co. v.

Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (internal citations omitted). When

construing an unambiguous contract, the court may not rewrite its terms but must

instead enforce it as written. *USI Properties East, Inc. v. Simpson,* 938 P.2d 168, 173

(Colo.1997).

Under contract law, a party to a contract cannot claim its benefit where he is the

first to violate its terms. *Scientific Packages, Inc. v. Gwinn,* 301 P.2d 719, 722 (1956)

(finding that a material breach deprives party of right to demand performance by other).

One party's material breach of a settlement agreement excuses the non-breaching

party's performance. See *Lake Durango Water Co. v. Public Utilities Comm. of the State

of Colo.*, 67 P3d 12, 21 (Colo.2003).

In a breach of contract action, the objective is to place the injured party in the

position it would have been in but for the breach. The prevailing party is therefore

entitled to recover the amount of damages necessary to accomplish that result. See

*McDonald's Corp. v. Brentwood Center, Ltd.,* 942 P.2d 1308, 1310-11 (Colo.App.1997).

The amount of damages awarded for a breach of contract cannot be based on

speculation or conjecture; all that is required, however, is that the damages be

determined with "reasonable certainty." See *Tull v. Gundersons, Inc.,* 709 P.2d 940, 943

(Colo.1985).

### D.  Virginia Breach of Contract Standards

In order to recover under Virginia law, the non-breaching party must prove, by a

preponderance of the evidence, the following factors: 1) the existence of an enforceable

contract; 2) that it performed, or offered to perform, its duties in accordance with that contract; 3) that the other party failed to perform its duties or otherwise breached the contract; and 4) that the breach caused the non-breaching party to be damaged. See *Haass & Broyles Excavators, Inc. v. Ramey Bros. Excavating Co.*, 355 S.E.2d 312, 314-16 (Va.1987).

Basic contract interpretation principles dictate that "[w]hen the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning." *Envtl. Staffing Acquisition Corp. v. B & R Constr. Mgmt.*, 725 S.E.2d 550, 554 (Va.2012) (internal quotations omitted).

A material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Horton v. Horton,* 487 S.E.2d 200, 204 (Va.1997). A material breach can be proved by establishing an amount of monetary damages flowing from the breach. See *id.* However, proof of a specific amount of monetary damages is not required when the evidence establishes that the breach was so central to the parties' agreement that it defeated an essential purpose of the contract. See *id.*

In a contract case, the goal is to put the non-breaching party in the same position as it would have been in if the contract had been properly performed, which usually includes damages due to breach and the profit which would have been realized. *Lehigh Portland Cement Co. v. Virginia S.S. Co.*, 111 S.E. 104, 109 (Va.1922).

## IV.     ARGUMENT

### A. The Second Settlement Agreement is an Unambiguous Contract that Should be Enforced as Written.

The Second Settlement Agreement is clear and unambiguous. At its heart, the Second Settlement Agreement is a mutual exchange of promises between Americana and Mr. Chun.   Paragraph 2 of the Settlement Agreement required Americana to make two immediate transfers through Defendant West Law: a transfer of one million dollars as a "refunded investment" and a transfer of five million dollars as a "final settlement sum". Pl.'s Compl., Ex. W p. 1-2; Pl.'s Compl. ¶¶86-87. These transfers were supposed to be made directly to Mr. Chun's account as clearly specified in the Second Settlement Agreement. *Id.*

In exchange for the "refunded investment" and "final settlement sum", Mr. Chun was required to release his present claims against Americana and its agents. Furthermore, the Second Settlement Agreement clearly makes Mr. Chun's release obligations contingent on receiving both the "refunded investment" and "final settlement sum," stating that "[u]pon *the payment called for under Paragraph 2* and the discharge of all obligations and duties of both Parties hereof all outstanding matters between the parties are deemed settled and resolved." Pl.'s Compl., Ex. W p. 5 (emphasis added).

Because the terms of the Second Settlement Agreement are unambiguous the Court should enforce it according to its plain meaning.  See *Envtl. Staffing Acquisition Corp. v. B & R Constr. Mgmt.*, 725 S.E.2d 550, 554 (Va.2012); *USI Properties East, Inc. v. Simpson,* 938 P.2d 168 (Colo.1997).

**B. Americana Materially Breached the Second Settlement Agreement When it Failed to Cause Defendant West Law to Immediately Transfer Six Million Dollars to Mr. Chun's Account.**

It is undisputed that Americana materially breached the Second Settlement Agreement by failing to pay Mr. Chun.  A material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract. See *Horton v. Horton,* 487 S.E.2d 200, 204 (Va.1997).

Certainly, Americana executed the Second Settlement Agreement. See Def. Americana Resp. to Req. for Admis. No. 12, 13.  In doing so, Americana agreed to pay Mr. Chun six million dollars in accordance with the Second Settlement Agreement's plain meaning. Pl.'s Compl., Ex. W p. 1.  Americana admits that it failed to pay any portion of the six million dollars to Mr. Chun, but attempts to deny what is owed. Def. Americana Resp. to Req. for Admis. No. 13; Pl.'s Compl., Ex. W p. 1.  However, Defendant West Law (Americana's own counsel), admits that Defendant West Law "failed to remit any portion of the six million dollars to Mr. Chun *as required by* the Second Settlement Agreement." Def. West Law Resp. to Req. for Admis. No. 6 (emphasis added).

 While Americana and its counsel, Defendant West Law, may have different theories of this case, one thing is clear: Americana breached the Second Settlement Agreement by not causing West Law to wire six million dollars to Mr. Chun.  This breach was material because it defeated the central purpose of the contract – to pay Mr. Chun for his release of claims.

Mr. Chun, on the other hand, was ready and willing to fulfill his part of the bargain by releasing all claims he had against Americana and its agents. Indeed, in reliance on Americana's promises, Mr. Chun did not bring suit in this case for over a year after he entered into the Second Settlement Agreement. Mr. Chun is entitled to have the Second Settlement Agreement enforced in accordance with its terms.

**C. Pursuant to the Second Settlement Agreement, Mr. Chun is Entitled to Judgment Against Americana for Six Million Dollars Plus Attorneys' Fees and Costs.**

In a contract case, the goal is to put the non-breaching party in the same position as it would have been in if the contract had been properly performed, which usually includes damages due to breach and the profit which would have been realized. See *Lehigh Portland Cement Co. v. Virginia S.S. Co.*, 111 S.E. 104; *USI Properties East, Inc. v. Simpson,* 938 P.2d 168 (Colo.1997). If Americana had upheld its part of the bargain, Americana would have transferred both the one million dollar "refunded investment" and transferred the five million dollar "settlement sum" to Mr. Chun. According to the plain terms of the Second Agreement, Mr. Chun is entitled to judgment in the amount of six million dollars.

In addition, Mr. Chun is also entitled to his actual attorneys' fees and costs for bringing this action. The Second Settlement Agreement provides:

> In the event either party commences any action in a court of law to enforce this Settlement Agreement or obtain damages for the breach of this Settlement Agreement, the prevailing Party shall be entitled to an award of its *actual attorneys' fees and costs* incurred in such action.

Pl.'s Compl., Ex. W p. 5 (emphasis added).

Mr. Chun has spent a significant amount of money to bring this suit against Americana.  Pursuant to the Second Settlement Agreement and otherwise, he deserves to be reimbursed for attorneys' fees and costs.

### D. Americana's Material Breach of the Third Settlement Agreement Excuses Mr. Chun's Performance Under the Third Settlement Agreement, Allowing Mr. Chun to Seek Enforcement of the Second Settlement Agreement.

Americana will likely argue that Mr. Chun's release of claims against Americana in the Third Settlement Agreement bars his claim for breach of contract under the Second Settlement Agreement.[2] However, the Third Settlement Agreement's release was conditioned on Mr. Chun's receipt of the Returned Investment, which Americana never sent.

The Third Settlement Agreement was entered into by Americana and Mr. Chun on January 31, 2013 / February 1, 2013. Pl.'s Compl., Ex. AC p. 7-8; Def. Americana Resp. to Req. for Admis. No. 12, 14.  Under that agreement, Americana was required to wire Mr. Chun one million dollars within eight days of the parties' execution. Pl.'s Compl., Ex. AC p. 1-2; Pl.'s Compl. ¶102.   In exchange, Mr. Chun was to release Americana, its agents, and specifically release Defendant West Law, Defendant Brian West, and Defendant Margaret Anderson-Clarke.  Pl.'s Compl., Ex. AC p. 5-6. These release clauses were specifically, "*conditioned upon Chun's actual receipt of the Returned Investment.*" Pl.'s Compl., Ex. AC p. 6 (emphasis added). Finally, the Third Settlement Agreement is governed by Colorado law in accordance with its terms. Pl.'s Compl., Ex. AC p. 6.

---

[2] In its Motion to Dismiss, Americana argued that the Third Settlement Agreement precludes all of Mr. Chun's claims other than a breach of the Third Settlement Agreement. See Def. Americana Mot. To Dismiss 2.  In light of the undisputed facts of this case, this argument has no merit.

Americana admits that it "failed to remit any portion of the $1,000,000 Initial Investment owed to Plaintiff Chun Chee Seng pursuant to the Third Settlement Agreement." Def. Americana Resp. to Req. for Admis. No. 14.  Americana's failure constituted a material breach of the Third Settlement Agreement, which excuses Mr. Chun's performance. See *Lake Durango Water Co. v. Public Utilities Comm. of the State of Colo.*, 67 P3d 12, 21 (Colo.2003).  In other words, Americana's material breach of the Third Settlement Agreement excuses Mr. Chun from abiding by the release clauses contained therein. As the breaching party, Americana cannot demand performance from Mr. Chun. See *Scientific Packages, Inc. v. Gwinn,* 301 P.2d 719, 722 (1956) (finding that material breach deprives party of right to demand performance by other). Because Americana failed to pay to Mr. Chun the one million dollar Returned Investment, Americana cannot use the Third Settlement Agreement as a bar to Mr. Chun's claim under the Second Settlement Agreement.

## CONCLUSION

For the foregoing reasons, Mr. Chun respectfully requests that this Court enforce the Second Settlement Agreement by entering judgment for Mr. Chun in the amount of six million dollars, plus attorneys' fees and costs for bringing this action, against Americana.

Dated: June 6, 2014

Respectfully Submitted,

MILLIGAN COUGHLIN LLC

_/s/ Michael J. Duran_

Michael J. Duran (CO # 40394)
Alexis A. Reller (CO # 45840)
MILLIGAN COUGHLIN LLC
AABC 111, Suite R
Aspen, CO 81611
Email: mjd@milligancoughlin.com
Tel: (970) 712-8961
Fax: (855) 758-8811

*Attorneys for Plaintiff Chun Chee Seng*

## **CERTIFICATE OF SERVICE**

I, Michael J. Duran, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on June 6, 2014.

Dated: June 6, 2014                                    */s/ Michael J. Duran*
                                                          Michael J. Duran