IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–01745–REB–KMT

CHUN CHEE SENG,

    Plaintiff,

v.

AMERICAN INVESTMENTS, LLC,
MARGARET V. ANDERSON-CLARKE,
ANDERSON-CLARKE LAW,
BRIAN D. WEST, and
WEST LAW GROUP, P.C.,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendants Brian D. West and West Law Group P.C.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6)" (Doc. No. 17 [West's Mot.], filed September 3, 2013), to which Plaintiff filed his response on October 24, 2013 (Doc. No. 37 [Resp. West's Mot.]) and Defendants West and West Law Group ("West Defendants") filed their reply on November 25, 2013 (Doc. No. 43 [West's Reply]).[1]

This motion is ripe for recommendation and ruling.

---

[1] The counsel who filed the Motions to Dismiss and replies in support of the Motions on behalf of Defendants Americana, West, and West Law Group withdrew. (*See* Doc. Nos. 45, 47.) Defendant West then entered his appearance for Defendants Americana and West Law Group (Doc. No. 54) and also represents himself *pro se*.

## STATEMENT OF THE CASE

This case involves allegations that the defendants violated promises made to Plaintiff in written contracts, oral statements, and emails, and perpetuated fraud to deprive Plaintiff of a $1 million investment. (*See* Doc. No. 1 [Compl.], filed July 2, 2013.) Plaintiff is a citizen of Malysia. (*Id.*, ¶ 1.) Plaintiff alleges Defendant Americana Investments, LLC is a now-delinquent Colorado limited liability company (*id.*, ¶ 2), Defendant West is a citizen of Virginia and an attorney licensed in Virginia (*id.*, ¶ 5), and West Law Group, P.C., is a Virginia professional corporation (*id.*, ¶ 6).

The Complaint alleges that in late 2010 Defendant Americana used several means to advertise investment opportunities available to Plaintiff. (*Id.*, ¶ 14.) Plaintiff alleges Americana then reached out to Plaintiff to discuss an investment scheme in which Americana would lease investors' funds in the market, and the "credit instrument" would then be resold by the end of the week "at a much higher rate." (*Id.*, ¶ 15–19.) On or around February 1, 2011, Plaintiff expressed his concern about the security of an investment, but Defendant Americana pacified his concerns by suggesting the involvement of Defendant Anderson-Clarke, a Canadian barrister, who would act as a third party escrow agent and ensure the safe custody of Plaintiff's initial investment.[2] (*Id.*, ¶¶ 35–37.) Because Plaintiff believed that Defendant Anderson-Clarke's involvement legitimized and confirmed the investment opportunity, on February 4, 2011, Plaintiff executed an Investment Development Cooperation Agreement ("IDCA"), in which he

---

[2]Defendants Anderson-Clarke and Anderson-Clarke Law are in default. (*See* Doc. Nos. 77 & 79.)

agreed to invest $1,000,000 ("Initial Investment") with Americana, which would use the Initial Investment "to establish the suitable lines of credits and/or banking facilities and form a Special Purpose Investment Vehicle ("SPIV"). . . ."  (*Id*., ¶¶ 24–25, 38, 41.)  Plaintiff alleges the IDCA promised that Plaintiff would receive roughly $36,000,000, before taxes and costs, on a monthly basis in ten-month "investment cycles" or "portfolios," for a total of roughly $360,000,000 that Defendant Americana would pay Plaintiff. (*Id.*, ¶ 30.)  On February 9, 2011, Plaintiff, Defendant Americana, and Defendant Anderson-Clarke entered into an escrow agreement that required, *inter alia*, that Defendant Anderson-Clarke was required to place the Initial Investment into "secured investments" and to maintain at least $1,000,000 United States dollars in the escrow account, less any accrued escrow agent fees. (*Id.*, ¶ 45).  On February 14, 2011, Plaintiff and Defendant American amended the escrow agreement to require that the Initial Investment be returned to Plaintiff by either Defendant Americana or Defendant Anderson Clarke within 180 days. (*Id.*, ¶¶ 48–49.)  On February 25, 2011, Plaintiff wired the Initial investment to Defendant Anderson-Clarke's account.  (*Id.*, ¶ 50.)

Plaintiff alleges Defendants Americana and Anderson-Clarke breached the terms of the IDCA by converting the Initial Investment into Canadian dollars. (*Id.*, ¶¶ 54–58.)  Plaintiff also alleges Defendant Anderson-Clarke breached the escrow agreement and IDCA by failing to transfer the Initial Investment into "secured investments," failing to form an SPIV, and failing to use the Initial Investment as specified in the escrow agreement and IDCA. (*Id.*, ¶¶ 60–61.) Plaintiff also alleges Defendants Americana and Anderson-Clarke failed to return Plaintiff's Initial Investment within 180 days. (*Id.*, ¶ 62.)

3

Plaintiff alleges since April 2011 he has attempted to obtain his Initial Investment and the additional returns owed to him. (*Id*, ¶ 63.) Plaintiff, Defendant Americana, and Defendant Anderson-Clarke participated in settlement negotiations in which the West Defendants represented Defendants Americana (*id.*, ¶¶ 70, 100), and the efforts ultimately culminated (after two prior attempts) in the execution of a Third Settlement Agreement on February 1, 2013 (*id.* ¶¶ 100-101, 112). Plaintiff alleges the Third Settlement Agreement required the return of Plaintiff's Initial Investment within eight days of execution, but Defendant Americana breached the Third Settlement Agreement by failing to transfer the funds to Plaintiff. (*Id.*, ¶¶ 102–03.)

Plaintiff asserts the following claims against Defendant Americana and the West Defendants: (1) breach of contract claims against Defendants Americana; (2) negligent misrepresentation against the West Defendants; (3) fraud against Defendants Americana and the West Defendants; (4) unjust enrichment against Defendant Americana; (5) claims under Section 10(b) of the Securities Exchange Act against Defendant Americana; (6) claims under Colorado Revised Statute § 11-51-301, requirement for registration of securities, and Colorado Revised Statute § 11-51-604, civil liabilities, Colorado Revised Statute § 11-5-501, fraud and other prohibited conduct, against Defendant Americana. (*See* Compl. at 12-22.)

## ANALYSIS

Defendants West and West Law Group argue that Plaintiff's claims against them must be dismissed because this Court lacks personal jurisdiction over them. Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing

personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The allegations in Plaintiff's complaint "'must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits.'" *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiff's favor, and "plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted). Only well-pleaded facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.*

In a diversity action, a federal court has personal jurisdiction over a defendant if jurisdiction is consistent with the state's long-arm statute and if jurisdiction does not violate the due process clause of the Fourteenth Amendment. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074–75 (10th Cir. 2004). The Colorado long-arm statute, Colo. Rev. Stat. § 13–1–124, has been construed to extend jurisdiction to the full extent of the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *See Pro*

*Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir.2005); *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).

Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Minimum contacts may be established under the doctrines of specific jurisdiction or general jurisdiction.

*General Jurisdiction*

In support of its motion, Defendants West and West Law Group ("West Defendants") include the Declaration of Luis Brian D. West. (West's Mot., Ex. 1 [West's Decl].) Mr. West states the following: He is the sole attorney practicing with the West Law Group, P.C. (West Decl., ¶ 1); he is not licensed to practice law in Colorado (*id.*, ¶ 3); he is a resident of Virginia and does not own or rent a home or property in Colorado (*id..*, ¶ 4); he West Law Group is located in Virginia (*id.*, ¶ 7); West Law Group does not have any residence, place of business, offices, employees, or agent for process in Colorado (*id.*, ¶ 8); neither West nor West Law Group advertises legal services in Colorado or seek legal engagements from Colorado entities (*id.*, ¶ 9); he represents Defendant Americana., but at no time during his representation of Defendant Americana has he or anyone associated with West Law Group traveled to Colorado, availed themselves of the laws of Colorado, conducted an economic transaction in Colorado, or made other Colorado contacts pursuant to the representation (*id.*, ¶ 10–11); and it is his practice to send emails and make phone calls from his place of business in Virginia (*id.*, ¶ 12).

General jurisdiction may exist in the absence of specific jurisdiction. General jurisdiction requires that a defendant have contacts with the forum "so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, — U.S. —, 131 S. Ct. 2846, 2851 (2011) (quotations omitted); *see also Trujillo v. Williams*, 465 F.3d 1210, 1218 n.7 (10th Cir. 2006) (general jurisdiction requires " 'continuous and systematic' general business contacts with the forum state" (quoting *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 415 (1984)). Unlike for specific jurisdiction, the litigation need not arise from the defendant's activities in the forum. *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012). However, "because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test." *OMI Holdings, Inc.*, 149 F.3d at 1091.

In this case, Plaintiff has not alleged any facts demonstrating that the West Defendants engaged in the kind of systematic, continuous business activity that would support general jurisdiction in Colorado. *See Shepherd v. U.S. Olympic Comm.*, 94 F. Supp. 2d 1136, 1141 (D. Colo. 2000) (contacts insufficient to assert general jurisdiction when nonresident was not incorporated in Colorado, not qualified to conduct business in Colorado, has no offices or employees residing in Colorado, and maintains no bank accounts, telephone listings, or mailing addresses in Colorado). Defendant West does not reside in Colorado, does not own property in Colorado, and has performed no work in Colorado. Similarly, Defendant West Law Group is not incorporated in Colorado, is not qualified to conduct business in Colorado, has no

office or employees residing in Colorado, and conducts no business in Colorado. The West Defendants do not have sufficient contacts with Colorado sufficient for this Court to exercise general jurisdiction. Accordingly, Plaintiff has failed to meet its burden of establishing personal jurisdiction over the West Defendants. *OMI Holdings, Inc.*, 149 F.3d at 1091.

*Specific Jurisdiction*

For specific jurisdiction, the "minimum contacts" standard requires, first, that the out-of-state defendant must have "purposefully directed" its activities at residents of the forum state, and second, that the plaintiff's injuries must "arise out of" the defendant's forum-related activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Additionally, exercising personal jurisdiction over defendants must always be consonant with traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316, 66 S.Ct. 154.

The Tenth Circuit has held that "an out-of-state attorney working from out-of-state on an out-of-state matter does not purposefully avail himself of the client's home forum's laws and privileges, at least not without some evidence that the attorney reached out to the client's home forum to solicit the client's business." *Newsome v. Gallacher*, 722 f.3d 1257, 1280–81 (10th Cir. 2013). Here, Plaintiff alleges the West Defendants communicated with Plaintiff on behalf of Defendant Americana, a Colorado limited liability company (Compl., ¶¶ 2, 86–103); performed escrow services by holding settlement funds on behalf of Defendant Americana (*id.*, ¶ 87); acted for Defendant Americana by drafting the settlement agreements (*id.*, ¶¶ 86–87, 100–102); knowingly made misrepresentations on Defendant Americana's behalf (*id.*, ¶¶ 94–99); provided a legal opinion letter on behalf of Defendant Americana (*id.*). However, there is no allegation or

evidence that the West Defendants reached out to Colorado, Defendant Americana's alleged home forum, to solicit Defendant Americana's business.  Plaintiff argues that the West Defendants have represented Defendant Americana for almost three years (Resp. at 11), but this allegation is in not contained in the Complaint and would be insufficient even if it were.

Because the court finds that neither specific nor general jurisdiction has been established, Plaintiff has failed to make a *prima face* showing of personal jurisdiction over the West Defendants.  Therefore, Plaintiff's claims against the West Defendants should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(2).

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Defendants Brian D. West and West Law Group P.C.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6)" (Doc. No. 17) be **GRANTED**, and that the claims against the claims against the West Defendants be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(2).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of July, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge