IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–01745–REB–KMT

CHUN CHEE SENG,

    Plaintiff,

v.

AMERICAN INVESTMENTS, LLC,
MARGARET V. ANDERSON-CLARKE,
ANDERSON-CLARKE LAW,
BRIAN D. WEST, and
WEST LAW GROUP, P.C.,

    Defendants.

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

"Defendants Brian D. West and the West Law Group, P.C.['s] Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) or Alternatively for Said Motion to Be Treated as a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56" (Doc. No. 65) and "Defendant Americana Investments, LLC['s] Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Alternatively for Said Motion to Be Treated as a Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56" (Doc. No. 66) are **DENIED**. The motions contain no new substantive material. Moreover, because the exhibits referenced in the motions to dismiss are attached to the Complaint, the court may consider them. *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (written documents attached to the complaint are exhibits and are considered part of the complaint for consideration in a rule 12(b)(6) dismissal). Finally, as to the West Defendants' Motion to Dismiss, it is well settled that the court may consider affidavits and other written materials in resolving a motion to dismiss for lack of personal jurisdiction. *See, e.g., Bell Helicopter Textron, Inc. v. Heliqwest Int'l*, Ltd., 385 F.3d 1291, 1295–96 (10th Cir. 2004) (court may consider evidence consisting of affidavits and other written materials on motion to dismiss for lack of personal jurisdiction).

Dated: July 28, 2014