**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  13-cv-01745-REB-KMT

CHUN CHEE SENG,

     Plaintiff,

v.

AMERICANA INVESTMENTS, LLC,
MARGARET V. ANDERSON-CLARKE,
ANDERSON-CLARKE LAW,
BRIAN D. WEST, and
WEST LAW GROUP, P.C.,

     Defendants.

## ORDER RE: RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#91],[1] filed July 28, 2014; and (2) **Plaintiff's Objection to the Finding and Recommendation of the United States Magistrate Judge To Dismiss Defendants Brian D. West and West Law Group P.C.** [#100], filed August 6, 2014.  I overrule the objection, adopt the recommendation, and grant the apposite motion to dismiss for lack of personal jurisdiction over the movants in this forum.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  The recommendation is detailed

---

[1] "[#91]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

and well-reasoned. It is clear that there is no general personal jurisdiction over these defendants in Colorado, and plaintiff does not argue otherwise. As for specific, personal jurisdiction, it is true that Colorado has adopted the minority view in "show[ing] no hesitation to exercise jurisdiction over out-of-state attorneys." ***Newsome v. Gallacher***, 722 F.3d 1257, 1280 (10th Cir. 2013) (citing ***Keefe v. Kirschenbaum & Kirschenbaum, P.C.***, 40 P.3d 1267, 1272-73 (Colo. 2002)).[2] Nevertheless, in applying this precept, Colorado courts have done no more than allow a *Colorado* resident to sue *its own* out-of-state attorney based on an ongoing relationship. *See, e.g.*, ***Keefe***, 40 P.3d at 1270; ***Scheuer v. District Court, in and for City and County of Denver***, 684 P.2d 249, 251-52 (Colo. 1984); ***Waterval v. District Court in and for El Paso County***, 620 P.2d 5, 8 (Colo. 1980). Plaintiff cites no authority, and the court has found none, that expands this principle to allow a non-resident to sue a Colorado corporation's out-of-state attorney based on that attorney's representation of his Colorado client. In these circumstances, defendants' contacts with this state are far too tenuous to satisfy the requirements of due process.[3]

Plaintiff's belated, alternative request – raised within the context of his objection –

---

[2] The court in ***Newsome*** was interpreting Oklahoma law, and adopted the contrary, majority view "that an out-of-state attorney working from out-of-state on an out-of-state matter does not purposefully avail himself of the client's home forum's laws and privileges, at least not without some evidence that the attorney reached out to the client's home forum to solicit the client's business." ***Newsome***, 722 F.3d at 1280-81.

[3] Even if such contacts were minimally sufficient to satisfy the first prong of the due process analysis, I would find that the exercise of personal jurisdiction over defendants in this forum would offend traditional notions of fair play and substantial justice. ***International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement***, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

to transfer this case to the Eastern District of Virginia fails on at least three grounds. First, matters raised for the first time in an objection are deemed waived. ***Marshall v. Chater***, 75 F.3d 1421, 1426 (10th Cir. 1996).  Second, the local civil rules of this district require that a motion be filed in a separate paper. **D.C.COLO.LCivR** 7.1(d).  Third, plaintiff's bare bones invocation of the transfer statute, proffered without any effort to show how the requirements of the statute are met in this case, *see* 28 U.S.C. § 1631 (permitting transfer to another federal district (1) in which suit could have been brought originally (2) if the interests of justice require), creates no obligation on this court to fashion appropriate arguments on plaintiff's behalf, *see **Kaiser-Hill Co., LLC ex rel. Diversified Technologies Services, Inc. v. MACTEC, Inc.***, 2006 WL 2348757 at *3 (D. Colo. Aug. 11, 2006).

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#91],[4] filed July 28, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2.  That the objections in **Plaintiff's Objection to the Finding and Recommendation of the United States Magistrate Judge To Dismiss Defendants Brian D. West and West Law Group P.C.** [#100], filed August 6, 2014, are

---

[4] "[#91]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

**OVERRULED**;

3. That **Defendants Brian D. West and West Law Group P.C.'s Motion To Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) and Memorandum in Support** [#17], filed September 3, 2013, is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as follows:

    a. That the motion is **GRANTED** to the extent it seeks dismissal of plaintiff's claims against these defendants on the basis of lack of personal jurisdiction in this forum; and

    b. That in all other respects, the motion is **DENIED AS MOOT**;

4. That plaintiff's claims against defendants, Brian D. West, and West Law Group, P.C., are **DISMISSED WITHOUT PREJUDICE**;

5. That at the time judgment enters, judgment without prejudice **SHALL ENTER** on behalf of defendants, Brian D. West, and West Law Group, P.C., and against plaintiff, Chun Chee Seng, as to all claims for relief and causes of action asserted against them in this action; and

6. That defendants, Brian D. West, and West Law Group, P.C., are **DROPPED** as a named parties to this action, and the case caption **AMENDED** accordingly.

Dated August 20, 2014, at Denver, Colorado.

                                 **BY THE COURT:**

                                 */s/ Robert E. Blackburn*
                                 Robert E. Blackburn
                                 United States District Judge