**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01745-REB-KMT

CHUN CHEE SENG,

    Plaintiff,

v.

AMERICANA INVESTMENTS, LLC,
MARGARET V. ANDERSON-CLARKE, and
ANDERSON-CLARKE LAW,

    Defendants.

**ORDER RE: RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge** [#96],[1] filed July 31, 2014. No objections having been filed to the recommendation, I review it only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005). I adopt the recommendation in all but two particulars.

The majority of the magistrate judge's recommended disposition admits of no error, much less plain error. It is clear that defendant has admitted all material facts necessary to prove up plaintiff's claim for breach of contract with respect to the Second Settlement Agreement and that plaintiff therefore is entitled to summary judgment as to

---

[1] "[#96]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

that claim.[2] Moreover, because the amount of damages attendant on the breach is fully liquidated, no further evidence need be taken to enter judgment for plaintiff on that claim.

I further agree with the magistrate judge that the motion to dismiss of defendant, Americana Investments, LLC ("Americana"), should be granted as to plaintiff's federal and state securities claims (which are barred by limitations and not subject to equitable tolling) and common law fraud claim (which is not plead with the requisite particularity), and denied with respect to plaintiff's breach of contract claim. Thus the recommendation is approved and adopted to that extent as well.

However, I disagree with the magistrate judge that defendant failed to adequately brief its motion to dismiss with respect to plaintiff's claim under §11-51-501, C.R.S. I find that the issue was adequately raised and joined by the motion and that this claim plainly suffers from the same infirmities that warrant dismissal of plaintiff's common law fraud claim. Moreover, because I concur with the magistrate judge that plaintiff is entitled to summary judgment on his breach of contract claim against Americana, his claim for unjust enrichment against this same defendant is no longer available as an alternative theory of recovery and therefore now is properly dismissed as against this

---

[2] Plaintiff also sought a hearing on his summary judgment motion. Although the magistrate judge did not so specify, it is clear that the issues raised by and inherent to the motion have been fully briefed, obviating the necessity for an evidentiary hearing or oral argument. Thus, the motion properly stood submitted on the briefs. *Cf.* **FED. R. CIV. P.** 56(c) and (d). ***Geear v. Boulder Community Hospital****,* 844 F.2d 764, 766 (10th Cir.) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties), ***cert. denied***, 109 S.Ct. 312 (1988).

particular defendant.[3]  *See West Ridge Group, LLC v. First Trust Co. of Onaga*, 2011 WL 635567 at *7 (10th Cir. Feb. 23, 2011).  Thus, I must respectfully reject the recommendation insofar as it recommends denying the motion to dismiss these two claims.

For these reasons, I approve and adopt the recommendation of the United States magistrate judge, except as it recommends denying defendant's motion to dismiss plaintiff's claims for unjust enrichment (as against Americana only) and violation of §11-51-501, C.R.S.  These claims also will be dismissed.[4]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#96], filed July 31, 2014, is **APPROVED AND ADOPTED** in part and respectfully **REJECTED IN PART** as follows:

> a. That the recommendation is respectfully **REJECTED** insofar as it recommends that defendant's motion to dismiss plaintiff's Ninth Claim for Relief, alleging unjust enrichment as against Americana only, and Twelfth Claim for Relief, alleging a claim for relief under §11-51-501, C.R.S., be denied; and

---

[3] This claim also implicates the two defendants (Margaret V. Anderson-Clarke and Anderson-Clarke Law) as against whom default has been entered by the clerk of the court. (*See* **Clerk's Entry of Default as to Margaret V. Anderson-Clarke** [#79], filed June 26, 2014; **Clerk's Entry of Default as to Anderson-Clarke Law** [#77], filed June 16, 2014.) Because default judgments have not yet been requested, however, the Ninth Claim for Relief will be dismissed as against defendant Americana only.

[4] The court's resolution of Americana's motion to dismiss and plaintiff's motion for partial summary judgment together disposes of all claims asserted against this defendant.

    b. That in all other respects, the recommendation is **APPROVED AND ADOPTED** as an order of the court;

2. That **Defendant Americana Investments, LLC's Motion To Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Memorandum in Support** [#16], filed September 3, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows;

    a. That the motion is **GRANTED** with respect to the Seventh, Ninth (as against defendant Americana only), Tenth, Eleventh, and Twelfth Claims for Relief asserted in the **Complaint and Demand for Jury Trial** [#1], filed July 2, 2013, and these claims are **DISMISSED WITH PREJUDICE**; and

    b. That in all other respects, the motion is **DENIED**;

3. That **Plaintiff's Motion for Partial Summary Judgment Against Defendant Americana Investments, LLC and Request for Hearing** [#67], filed June 6, 2014, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. That the motion is **GRANTED** with respect to plaintiff's request for summary judgment on the First Claim for Relief asserted in the **Complaint and Demand for Jury Trial** [#1], filed July 2, 2013 against defendant; and

    b. That the request that the court conduct a hearing on the issues raised by and inherent to the motion is **DENIED**;

4. That the Seventh, Ninth (as against defendant Americana only), Tenth, Eleventh, and Twelfth Claims for Relief asserted in the **Complaint and Demand for Jury Trial** [#1], filed July 2, 2013, are **DISMISSED WITH PREJUDICE**; and

5. That at the time judgment enters, judgment **SHALL ENTER** as follows:

a. On behalf of defendant, Americana Investments, LLC, against plaintiff, Chun Chee Seng, as to the Seventh, Ninth (as against Americana only), Tenth, Eleventh, and Twelfth Claims for Relief asserted in the **Complaint and Demand for Jury Trial** [#1], filed July 2, 2013; provided, that the judgment as to these claims shall be with prejudice; and

b. On behalf of plaintiff, Chun Chee Seng, and against defendant, Americana Investments, LLC, in the amount of six million dollars ($6,000,000) on the First Claim for Relief asserted in the **Complaint and Demand for Jury Trial** [#1], filed July 2, 2013; plus prejudgment interest at the rate specified by §5-12-102(1)(b), C.R.S., from the date of the breach to the date of the judgment; and post-judgment interest at the rate provided by law from the date of the judgment to the date the judgment in paid in full

Dated August 21, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge