**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  13-cv-01745-REB-KMT

CHUN CHEE SENG,

    Plaintiff,

v.

MARGARET V. ANDERSON-CLARKE, and
ANDERSON-CLARKE LAW,

    Defendants.

**ORDER DISCHARGING ORDER TO SHOW CAUSE
AND DISMISSING CLAIMS AGAINST REMAINING DEFENDANTS**

**Blackburn, J.**

The matter is before the court on **Plaintiff's Motion To Dismiss Plaintiff's Claims Against Defendants Margaret V. Anderson-Clarke and Anderson-Clarke Law Without Prejudice** [#110],[1] filed September 4, 2014.  I grant the motion and discharge the Order To Show Cause [#108] to which it is responsive.

On August 21, 2014, I approved and adopted the magistrate judge's recommendation insofar as it recommended granting plaintiff's motion for partial summary judgment on its claim for breach of contract against defendant Americana Investments, LLC.  I dismissed all other claims against this defendant.  (*See* **Order Re: Recommendation of United States Magistrate Judge** [#107], filed August 21, 2014.)

---

[1] "[#110]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

Given my earlier order dismissing defendants Brian D. West and the West Law Group, P.C., for lack of personal jurisdiction (*see* **Order Re: Recommendation of United States Magistrate Judge** [#106], filed August 20, 2014), the only defendants remaining in this lawsuit were Margaret V. Anderson-Clarke and Anderson-Clarke Law, both Canadian citizens who have failed to answer or otherwise appear in this matter. Although plaintiff has secured entries of default against these parties from the clerk of the court under Fed. R. Civ. P. 55(a) (*see* **Clerk's Entry of Default** [#77], filed June 16, 2014, and **Clerk's Entry of Default** [#79], filed June 26, 2014), he has not sought default judgments against them under Fed. R. Civ. P. 55(b). I therefore ordered plaintiff to show cause why the court should either dismiss the claims against these defendants or enter default judgments against them. (**Order To Show Cause** [#108], filed August 21, 2014.)

The present motion is responsive to that order and discharges plaintiff's obligations thereunder. By this motion, plaintiff admits that he cannot allege facts sufficient to establish personal jurisdiction over these remaining defendants in this forum. Any default judgment entered against them therefore would be void. *See* ***Bixler v. Foster***, 596 F.3d 751, 761 (10th Cir. 2010) ("Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered."); ***Williams v. Life Savings and Loan***, 802 F.2d 1200, 1202-03 (10th Cir. 1986) (per curiam) (judgment is void if entered in absence of subject matter or personal jurisdiction, and "[r]elief from a void judgment is mandatory"). The motion to dismiss these claims without prejudice therefore is well-taken and will be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion to Dismiss Plaintiff's Claims Against Defendants Margaret V. Anderson-Clarke and Anderson-Clarke Law Without Prejudice** [#110] filed September 4, 2014, is **GRANTED**;

2. That plaintiff's claims against defendants Margaret V. Anderson-Clarke and Anderson-Clarke Law are **DISMISSED WITHOUT PREJUDICE**; and

3. That the **Order To Show Cause** [#108] entered August 21, 2014, is **DISCHARGED**.

Dated September 9, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge